

FILED IN OPEN COURT

MAY 30 2019

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

**UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAUREN JOSEPH DUNN,<br>a.k.a. "LON DUNN,"<br><br>Defendant. | Case No. 1:19-CR-174<br><br><u>Counts 1–9</u>: 18 U.S.C. §§ 1343 & 2<br>(Wire Fraud)<br><br>Forfeiture Notice |

## INDICTMENT

May 2019 Term – at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

<u>Introductory Allegations</u>

At all times relevant to this Indictment:

1. LAUREN JOSEPH DUNN ("DUNN") resided in the Eastern District of Virginia and was the owner and operator of AmeriFunding, Inc. ("AmeriFunding").

<u>Scheme and Artifice to Defraud</u>

2. Starting no later than in or about November 2016, through at least in or about October 2018, in the Eastern District of Virginia and elsewhere, the Defendant, LAUREN JOSEPH DUNN, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

3. DUNN, doing business as AmeriFunding, made false material representations in order to induce individuals to provide money to DUNN and AmeriFunding. DUNN told investors that he and/or AmeriFunding could help them obtain funding through international

channels for projects that have a humanitarian angle or have the prospect of adding jobs to the economy. DUNN told these individuals that the funding would be "non-recourse," meaning that the investors would not need to repay the funds as long as the funds were used for the approved projects.

4. DUNN represented that he would use investors' money either to purchase, or as collateral to purchase, a financial instrument, such as a stand-by letter of credit, bonds, or medium-term notes. This instrument was then to be traded through a "private placement platform" in order to generate above-market returns.

5. DUNN told investors that the funds required for their projects would be delivered in periods ranging from 30 to 90 days. Promised returns ranged from 1,000% to 10,000% in those time periods.

6. Based on these misrepresentations, DUNN received approximately $1.9 million from various individuals.

7. None of this $1.9 million was used for the purposes DUNN represented the money would be used for. Instead, DUNN spent this money on various personal expenditures and to pay back one investor who threatened to report DUNN to law enforcement.

## Counts 1–9
## (Wire Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

8. Paragraphs 1–7 of this Indictment are hereby re-alleged and incorporated as though set forth fully herein.

9. On or about the following dates, within the Eastern District of Virginia and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud, and for the purpose of obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, the Defendant, LAUREN JOSEPH DUNN, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce a writing, sign, signal, picture, and sound that either originated or terminated within the Eastern District of Virginia.

| Count | Date | Investor | Type of Wire Communication |
|---|---|---|---|
| 1 | April 17, 2017 | L.B. | Phone call |
| 2 | April 20, 2017 | L.B. | Email ("ReCap and Reply") |
| 3 | May 4, 2017 | L.B. | Email ("Final") |
| 4 | July 25, 2017 | T.S. | Email ("Re: Pre platform request") |
| 5 | August 5, 2017 | T.S. | Phone call |
| 6 | August 16, 2017 | T.S. | Email ("Re: CIS Form") |
| 7 | June 20, 2017 | B.Z. | Phone call |
| 8 | June 28, 2017 | B.Z. | Email ("Re: MT760: Review") |
| 9 | October 3, 2017 | B.Z. | Email ("ICC") |

(In violation of Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT THE PROPERTY DESCRIBED BELOW IS SUBJECT TO FORFEITURE:

10. Pursuant to Federal Rule of Criminal Procedure 32.2(a), the Defendant, LAUREN JOSEPH DUNN, is hereby notified that, if convicted of an offense alleged in Counts 1–9 of this Indictment, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), his interest in any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as the result of such offense. The property subject to forfeiture under Counts 1–9 includes, but is not limited to, the following:

   a. A sum of money equal to at least $1,909,980.00 in United States currency, representing the amount of proceeds obtained by the Defendant as a result of the offenses.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C) and 982(a)(1); Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

G. Zachary Terwilliger
United States Attorney

By: *(signed)* Grace L. Hill
Grace L. Hill
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

A TRUE BILL

FOREPERSON OF THE GRAND JURY

Pursuant to the E-Government Act,, The original of this page has been filed under seal in the Clerk's Office